12/11/2019 04:50:24pm

**Robert A. Higgins & Associates P.C.**
8200 Camp Bowie West
Fort Worth, TX 76116

Bar Number:  24097232
Phone:   (817) 924-9000

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | | | |
|---|---|---|---|---|
| In re: **Amanda LaShelle Mason**<br>12428 Hunters Cabin Ct<br>Burleson, TX 76028 | xxx-xx-5982 | §<br>§<br>§<br>§<br>§ | Case No:<br>Date:<br>Chapter 13 | **19-44833-ELM-13**<br>**11/27/2019** |

Debtor(s)

### DEBTOR'S(S') CHAPTER 13 PLAN
### (CONTAINING A MOTION FOR VALUATION)

#### DISCLOSURES

☑ This *Plan* does not contain any *Nonstandard Provisions*.

☐ This *Plan* contains *Nonstandard Provisions* listed in Section III.

☐ This *Plan* does not limit the amount of a secured claim based on a valuation of the *Collateral* for the claim.

☑ This *Plan* does limit the amount of a secured claim based on a valuation of the *Collateral* for the claim.

This *Plan* does not avoid a security interest or lien.

Language in italicized type in this *Plan* shall be as defined in the "General Order 2017-01, Standing Order Concerning Chapter 13 Cases" and as it may be superseded or amended ("General Order"). All provisions of the General Order shall apply to this *Plan* as if fully set out herein.

Page 1

| | |
|---|---|
| Plan Payment: **Variable** | Value of Non-exempt property per § 1325(a)(4): **$117.60** |
| Plan Term: **60 months** | Monthly Disposable Income per § 1325(b)(2): **$0.00** |
| Plan Base: **$101,005.00** | Monthly Disposable Income x ACP ("UCP"): **$0.00** |
| Applicable Commitment Period: **36 months** | |

Case No: 19-44833-ELM-13
Debtor(s): **Amanda LaShelle Mason**

12/11/2019 04:50:24pm

## MOTION FOR VALUATION

Pursuant to Bankruptcy Rule 3012, for purposes of 11 U.S.C. § 506(a) and § 1325(a)(5) and for purposes of determination of the amounts to be distributed to holders of secured claims who do not accept the *Plan*, *Debtor(s)* hereby move(s) the Court to value the *Collateral* described in Section I, Part E.(1) and Part F of the *Plan* at the lesser of the value set forth therein or any value claimed on the proof of claim. Any objection to valuation shall be filed at least seven (7) days prior to the date of the *Trustee's* pre-hearing conference regarding Confirmation or shall be deemed waived.

### SECTION I
### DEBTOR'S(S') CHAPTER 13 PLAN - SPECIFIC PROVISIONS
### FORM REVISED 7/1/17

A. **PLAN PAYMENTS:**

*Debtor(s)* propose(s) to pay to the *Trustee* the sum of:

__$1,000.00__ per month, months __1__ to __1__.
__$1,695.00__ per month, months __2__ to __60__.

For a total of __$101,005.00__ (estimated "*Base Amount*").

First payment is due __12/27/2019__.

The applicable commitment period ("ACP") is __36__ months.

Monthly Disposable Income ("DI") calculated by *Debtor(s)* per § 1325(b)(2) is: __$0.00__.

The Unsecured Creditors' Pool ("UCP"), which is DI x ACP, as estimated by the Debtor(s), shall be no less than: __$0.00__.

*Debtor's(s')* equity in non-exempt property, as estimated by *Debtor(s)* per § 1325(a)(4), shall be no less than: __$117.60__.

B. **STATUTORY, ADMINISTRATIVE AND DSO CLAIMS:**

1. **CLERK'S FILING FEE:** Total filing fees paid through the *Plan*, if any, are __$0.00__ and shall be paid in full prior to disbursements to any other creditor.

2. **STATUTORY TRUSTEE'S PERCENTAGE FEE(S) AND NOTICING FEES:** *Trustee's Percentage Fee(s)* and any noticing fees shall be paid first out of each receipt as provided in General Order 2017-01 (as it may be superseded or amended) and 28 U.S.C. § 586(e)(1) and (2).

3. **DOMESTIC SUPPORT OBLIGATIONS:** The *Debtor* is responsible for paying any Post-petition Domestic Support Obligation directly to the DSO claimant. Pre-petition Domestic Support Obligations per Schedule "E/F" shall be paid in the following monthly payments:

| DSO CLAIMANTS | SCHED. AMOUNT | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT $__ PER MO. |
|---|---|---|---|---|
| | | | | |

C. **ATTORNEY FEES:** To __Robert A. Higgins & Associates, P.C.__, total: __$3,700.00__ ;
__$251.00__ Pre-petition; __$3,449.00__ disbursed by the *Trustee*.

12/11/2019 04:50:24pm

Case No: 19-44833-ELM-13
Debtor(s): **Amanda LaShelle Mason**

#### D.(1) PRE-PETITION MORTGAGE ARREARAGE:

| MORTGAGEE | SCHED. ARR. AMT | DATE ARR. THROUGH | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|---|
| **Midland Mortgage Co** Homestead | $4,889.50 | | 0.00% | Month(s) 1-60 | Pro-Rata |

#### D.(2) CURRENT POST-PETITION MORTGAGE PAYMENTS DISBURSED BY THE TRUSTEE IN A CONDUIT CASE:

| MORTGAGEE | # OF PAYMENTS PAID BY TRUSTEE | CURRENT POST-PETITION MORTGAGE PAYMENT AMOUNT | FIRST CONDUIT PAYMENT DUE DATE (MM-DD-YY) |
|---|---|---|---|
| **Midland Mortgage Co** Homestead | 59 month(s) | $970.90 | 02/01/2020 |

#### D.(3) POST-PETITION MORTGAGE ARREARAGE:

| MORTGAGEE | TOTAL AMT. | DUE DATE(S) (MM-DD-YY) | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|---|
| **Midland Mortgage Co** Homestead | $1,941.80 | 12/1/19-1/1/20 | 0.00% | Month(s) 1-60 | Pro-Rata |

#### E.(1) SECURED CREDITORS - PAID BY THE TRUSTEE:

A.

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT Per Mo. |
|---|---|---|---|---|---|
| **Santander** 2016 Chevrolet Malibu | $19,899.00 | $12,125.00 | 4.25% | Month(s) 3-54 | $259.00 |

B.

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | % | | TREATMENT Pro-rata |
|---|---|---|---|---|---|
| | | | | | |

To the extent the value amount in E.(1) is less than the scheduled amount in E.(1), the creditor may object. In the event a creditor objects to the treatment proposed in paragraph E.(1), the *Debtor(s)* retain(s) the right to surrender the *Collateral* to the creditor in satisfaction of the creditor's claim.

#### E.(2) SECURED 1325(a)(9) CLAIMS PAID BY THE TRUSTEE - NO CRAM DOWN:

A.

| CREDITOR / COLLATERAL | SCHED. AMT. | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT Per Mo. |
|---|---|---|---|---|
| | | | | |

B.

| CREDITOR / COLLATERAL | SCHED. AMT. | % | | TREATMENT Pro-rata |
|---|---|---|---|---|
| | | | | |

The valuation of *Collateral* set out in E.(1) and the interest rate to be paid on the above scheduled claims in E.(1) and E.(2) will be finally determined at confirmation. The allowed claim amount will be determined based on a timely filed proof of claim and the *Trustee's Recommendation Concerning Claims* ("TRCC") or by an order on an objection to claim.

Absent any objection to the treatment described in E.(1) or E.(2), the creditor(s) listed in E.(1) and E.(2) shall be deemed to have accepted the *Plan* per section 1325(a)(5)(A) of the Bankruptcy Code and to have waived its or their rights under section 1325(a)(5)(B) and (C) of the Bankruptcy Code.

12/11/2019 04:50:24pm

Case No: 19-44833-ELM-13
Debtor(s): **Amanda LaShelle Mason**

F. **SECURED CREDITORS - COLLATERAL TO BE SURRENDERED:**

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | TREATMENT |
|---|---|---|---|

Upon confirmation, pursuant to 11 U.S.C. § 1322(b)(8), the surrender of the *Collateral* described herein will provide for the payment of all or part of a claim against the *Debtor(s)* in the amount of the value given herein.

The valuation of *Collateral* in F will be finally determined at confirmation. The allowed claim amount will be determined based on a timely filed proof of claim and the *Trustee's Recommendation Concerning Claims* ("TRCC") or by an order on an objection to claim.

The *Debtor(s)* request(s) that the automatic stay be terminated as to the surrendered *Collateral*. If there is no objection to the surrender, the automatic stay shall terminate and the *Trustee* shall cease disbursements on any secured claim which is secured by the *Surrendered Collateral*, without further order of the Court, on the 7th day after the date the *Plan* is filed. However, the stay shall not be terminated if the *Trustee* or affected secured lender files an objection in compliance with paragraph 8 of the General Order until such objection is resolved.

Nothing in this *Plan* shall be deemed to abrogate any applicable non-bankruptcy statutory or contractual rights of the *Debtor(s)*.

G. **SECURED CREDITORS - PAID DIRECT BY DEBTOR:**

| CREDITOR | COLLATERAL | SCHED. AMT. |
|---|---|---|

H. **PRIORITY CREDITORS OTHER THAN DOMESTIC SUPPORT OBLIGATIONS:**

| CREDITOR | SCHED. AMT. | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|
| Internal Revenue Service | $9,787.31 | Month(s) 1-60 | Pro-Rata |

I. **SPECIAL CLASS:**

| CREDITOR | SCHED. AMT. | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|

JUSTIFICATION: _____

J. **UNSECURED CREDITORS:**

| CREDITOR | SCHED. AMT. | COMMENT |
|---|---|---|
| Affiliate Asset Solutions | $1,877.00 | |
| Big Picture Loan | $1,325.74 | |
| Cleburne Eye Clininc | $39.00 | |
| Clinical Pathology Labs | $17.45 | |
| Clinical Pathology Labs | $18.67 | |
| Commonwealth Financial Systems | $1,877.00 | |
| Credit collection Sevices | $18.67 | |
| Credit One Bank | $100.00 | |
| Credit Systems International, Inc | $42.00 | |
| Credit Systems International, Inc | $58.00 | |
| Credit Systems International, Inc. | $57.64 | |
| Delta Dental | $28.00 | |
| Dr. James Bothwell | $400.00 | |
| Enhanced Recovery Corp | $83.00 | |

Page 4

12/11/2019 04:50:24pm

Case No: 19-44833-ELM-13  
Debtor(s): **Amanda LaShelle Mason**

| | | |
|---|---|---|
| Express Scripts | $216.35 | |
| First Access | $269.39 | |
| First PREMIER Bank | $699.00 | |
| First PREMIER Bank | $270.00 | |
| Genesis Bc/Celtic Bank | $455.00 | |
| Indigo | $0.00 | |
| McCreary, Veselka, Bragg & Allen. L.L.C. | $1,001.59 | |
| Nationwide Recovery Sy | $545.00 | |
| Naviet | $225,874.00 | |
| North Texas Tollway Authority | $453.78 | |
| North Texas Tollway Authority | $697.70 | |
| Online Collections | $120.00 | |
| Path Advantage | $270.00 | |
| Peterson Medical GRoup | $229.96 | |
| Phoenix Financial Group | $2,421.65 | |
| Professional Finance Company. | $18.66 | |
| Quest Diagnostics | $20.20 | |
| Quest Diagnostics | $6.72 | |
| Recivable Management Services. LLC | $194.00 | |
| Safe Auto Insurance | $19.00 | |
| Santander | $7,774.00 | Unsecured portion of the secured debt (Bifurcated) |
| Speedy Cash | $647.62 | |
| Sundance Anesthesia | $91.85 | |
| Texas Brace Systems | $13.74 | |
| Texas Health Physicians Group | $337.08 | |
| The Brace Center LLC | $42.27 | |
| Third Coast Emerg. Phys.-Sid Peterson, P | $544.64 | |
| Total Visa/Bank of Missouri | $269.00 | |
| Total Visa/Bank of Missouri | $332.00 | |
| Transworld Systems | $100.00 | |
| Tx Tag | $100.81 | |
| US Anethesia | $692.25 | |
| TOTAL SCHEDULED UNSECURED: | $250,669.43 | |

The *Debtor's(s')* estimated (but not guaranteed) payout to unsecured creditors based on the scheduled amount is _____ **0%** _____.

General unsecured claims will not receive any payment until after the order approving the TRCC becomes final.

**K. EXECUTORY CONTRACTS AND UNEXPIRED LEASES:**

| § 365 PARTY | ASSUME/REJECT | CURE AMOUNT | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|
| | | | | |

**SECTION II**  
**DEBTOR'S(S') CHAPTER 13 PLAN - GENERAL PROVISIONS**  
**FORM REVISED 7/1/17**

**A. SUBMISSION OF DISPOSABLE INCOME:**

*Debtor(s)* hereby submit(s) future earnings or other future income to the *Trustee* to pay the *Base Amount*.

Page 5

12/11/2019 04:50:24pm

Case No: 19-44833-ELM-13
Debtor(s): **Amanda LaShelle Mason**

### B. ADMINISTRATIVE EXPENSES, DSO CLAIMS & PAYMENT OF TRUSTEE'S STATUTORY PERCENTAGE FEE(S) AND NOTICING FEES:

The Statutory Percentage Fees of the *Trustee* shall be paid in full pursuant to 11 U.S.C. §§ 105(a), 1326(b)(2), and 28 U.S.C. § 586(e)(1)(B). The *Trustee* is authorized to charge and collect Noticing Fees as indicated in Section I, Part "B" hereof.

### C. ATTORNEY FEES:

*Debtor's(s')* Attorney Fees totaling the amount indicated in Section I, Part C, shall be disbursed by the *Trustee* in the amount shown as "Disbursed By The Trustee" pursuant to this *Plan* and the ***Debtor's(s')*** Authorization for Adequate Protection Disbursements ("*AAPD*"), if filed.

### D.(1) PRE-PETITION MORTGAGE ARREARAGE:

The Pre-Petition *Mortgage Arrearage* shall be paid by the *Trustee* in the allowed pre-petition arrearage amount and at the rate of interest indicated in Section I, Part D.(1). To the extent interest is provided, it will be calculated from the date of the Petition. The principal balance owing upon confirmation of the *Plan* on the allowed pre-petition *Mortgage Arrearage* amount shall be reduced by the total adequate protection less any interest (if applicable) paid to the creditor by the *Trustee*. Such creditors shall retain their liens.

### D.(2) CURRENT POST-PETITION MORTGAGE PAYMENTS DISBURSED BY TRUSTEE IN A CONDUIT CASE:

*Current Post-Petition Mortgage Payment(s)* shall be paid by the *Trustee* as indicated in Section I, Part D.(2), or as otherwise provided in the General Order.

The *Current Post-Petition Mortgage Payment(s)* indicated in Section I, Part D.(2) reflects what the *Debtor(s)* believe(s) is/are the periodic payment amounts owed to the *Mortgage Lender* as of the date of the filing of this *Plan*. Adjustment of the *Plan Payment* and *Base Amount* shall be calculated as set out in the General Order, paragraph 15(c)(3).

Payments received by the *Trustee* for payment of the *Debtor's Current Post-Petition Mortgage Payment(s)* shall be deemed adequate protection to the creditor.

Upon completion of the *Plan*, *Debtor(s)* shall resume making the *Current Post-Petition Mortgage Payments* required by their contract on the due date following the date specified in the *Trustee's* records as the date through which the *Trustee* made the last *Current Post-Petition Mortgage Payment*.

Unless otherwise ordered by the Court, and subject to Bankruptcy Rule 3002.1(f)-(h), if a *Conduit Debtor* is current on his/her *Plan Payments* or the payment(s) due pursuant to any wage directive, the *Mortgage Lender* shall be deemed current post-petition.

### D.(3) POST-PETITION MORTGAGE ARREARAGE:

The *Post-Petition Mortgage Arrearage* shall be paid by the *Trustee* in the allowed amount and at the rate of interest indicated in Section I, Part D.(3). To the extent interest is provided, it will be calculated from the date of the Petition.

*Mortgage Lenders* shall retain their liens.

### E.(1) SECURED CLAIMS TO BE PAID BY TRUSTEE:

The claims listed in Section I, Part E.(1) shall be paid by the *Trustee* as secured to the extent of the lesser of the allowed claim amount (per a timely filed Proof of Claim not objected to by a party in interest) or the value of the *Collateral* as stated in the *Plan*. Any amount claimed in excess of the value shall automatically be split and treated as unsecured as indicated in Section I, Part H or J, per 11 U.S.C. § 506(a). Such creditors shall retain their liens on the *Collateral* described in Section I, Part E.(1) as set out in 11 U.S.C. § 1325(a)(5)(B)(I) and shall receive interest at the rate indicated from the date of confirmation or, if the value shown is greater than the allowed claim amount, from the date of the Petition, up to the amount by which the claim is over-secured. The principal balance owing upon confirmation of the *Plan* on the allowed secured claim shall be reduced by the total of adequate protection payments less any interest (if applicable) paid to the creditor by the *Trustee*.

### E.(2) SECURED 1325(a)(9) CLAIMS TO BE PAID BY THE TRUSTEE--NO CRAM DOWN:

Claims in Section I, Part E.(2) are either debts incurred within 910 days of the *Petition Date* secured by a purchase money security interest in a motor vehicle acquired for the personal use of the *Debtor(s)* or debts incurred within one year of the *Petition Date* secured by any other thing of value.

12/11/2019 04:50:24pm

Case No: 19-44833-ELM-13
Debtor(s): **Amanda LaShelle Mason**

---

The claims listed in Section I, Part E.(2) shall be paid by the *Trustee* as fully secured to the extent of the allowed amount (per a timely filed Proof of Claim not objected to by a party in interest). Such creditors shall retain their liens on the *Collateral* described in Section I, Part E.(2) until the earlier of the payment of the underlying debt determined under non-bankruptcy law or a discharge under § 1328 and shall receive interest at the rate indicated from the date of confirmation. The principal balance owing upon confirmation of the *Plan* on the allowed secured claim shall be reduced by the total of adequate protection payments paid to the creditor by the *Trustee*.

To the extent a secured claim not provided for in Section I, Part D, E.(1) or E.(2) is allowed by the Court, *Debtor(s)* will pay the claim direct per the contract or statute.

Each secured claim shall constitute a separate class.

**F.  SATISFACTION OF CLAIM BY SURRENDER OF COLLATERAL:**

The claims listed in Section I, Part F shall be satisfied as secured to the extent of the value of the *Collateral*, as stated in the *Plan*, by surrender of the *Collateral* by the *Debtor(s)* on or before confirmation. Any amount claimed in excess of the value of the *Collateral*, to the extent it is allowed, shall be automatically split and treated as indicated in Section I, Part H or J, per 11 U.S.C. § 506(a).

Each secured claim shall constitute a separate class.

**G.  DIRECT PAYMENTS BY DEBTOR(S):**

Payments on all secured claims listed in Section I, Part G shall be disbursed by the *Debtor(s)* to the claimant in accordance with the terms of their agreement or any applicable statute, unless otherwise provided in Section III, "Nonstandard Provisions."

No direct payment to the IRS from future income or earnings in accordance with 11 U.S.C. § 1322(a)(1) will be permitted.

Each secured claim shall constitute a separate class.

**H.  PRIORITY CLAIMS OTHER THAN DOMESTIC SUPPORT OBLIGATIONS:**

Failure to object to confirmation of this *Plan* shall not be deemed acceptance of the "SCHED. AMT." shown in Section I, Part H. The claims listed in Section I, Part H shall be paid their allowed amount by the *Trustee*, in full, pro-rata, as priority claims, without interest.

**I.  CLASSIFIED UNSECURED CLAIMS:**

Classified unsecured claims shall be treated as allowed by the Court.

**J.  GENERAL UNSECURED CLAIMS TIMELY FILED:**

All other allowed claims not otherwise provided for herein shall be designated general unsecured claims.

**K.  EXECUTORY CONTRACTS AND UNEXPIRED LEASES:**

As provided in § 1322(b)(7) of the Bankruptcy Code, the *Debtor(s)* assume(s) or reject(s) the executory contracts or unexpired leases with parties as indicated in Section I, Part K.

Assumed lease and executory contract arrearage amounts shall be disbursed by the *Trustee* as indicated in Section I, Part K.

**L.  CLAIMS TO BE PAID:**

"TERM (APPROXIMATE)" as used in this *Plan* states the estimated number of months from the *Petition Date* required to fully pay the allowed claim. If adequate protection payments have been authorized and made, they will be applied to principal as to both under-secured and fully secured claims and allocated between interest and principal as to over-secured claims. Payment pursuant to this *Plan* will only be made on statutory, secured, administrative, priority and unsecured claims that are allowed or, pre-confirmation, that the *Debtor(s)* has/have authorized in a filed Authorization for Adequate Protection Disbursements.

**M.  ADDITIONAL PLAN PROVISIONS:**

Any additional *Plan* provisions shall be set out in Section III, "Nonstandard Provisions."

Case No: 19-44833-ELM-13
Debtor(s): **Amanda LaShelle Mason**

12/11/2019 04:50:24pm

### N. POST-PETITION NON-ESCROWED AD VALOREM (PROPERTY) TAXES AND INSURANCE:

Whether the *Debtor* is a *Conduit Debtor* or not, if the regular payment made by the *Debtor* to a *Mortgage Lender* or any other lienholder secured by real property does not include an escrow for the payment of ad valorem (property) taxes or insurance, the *Debtor* is responsible for the timely payment of post-petition taxes directly to the tax assessor and is responsible for maintaining property insurance as required by the mortgage security agreement, paying all premiums as they become due directly to the insurer. If the *Debtor* fails to make these payments, the mortgage holder may, but is not required to, pay the taxes and/or the insurance. If the mortgage holder pays the taxes and/or insurance, the mortgage holder may file, as appropriate, a motion for reimbursement of the amount paid as an administrative claim or a *Notice of Payment Change by Mortgage Lender* or a *Notice of Fees, Expenses, and Charges*.

### O. CLAIMS NOT FILED:

A claim not filed with the Court will not be paid by the *Trustee* post-confirmation regardless of its treatment in Section I or on the *AAPD*.

### P. CLAIMS FOR PRE-PETITION NON-PECUNIARY PENALTIES, FINES, FORFEITURES, MULTIPLE, EXEMPLARY OR PUNITIVE DAMAGES:

Any unsecured claim for a non-pecuniary penalty, fine, or forfeiture, or for multiple, exemplary or punitive damages, expressly including an IRS penalty to the date of the petition on unsecured and/or priority claims, shall be paid only a pro-rata share of any funds remaining after all other unsecured claims, including late filed claims, have been paid in full.

### Q. CLAIMS FOR POST-PETITION PENALTIES AND INTEREST:

No interest, penalty, or additional charge shall be allowed on any pre-petition claims subsequent to the filing of the petition, unless expressly provided herein.

### R. BUSINESS CASE OPERATING REPORTS:

Upon the filing of the *Trustee's* 11 U.S.C. § 1302(c) Business Case Report, business *Debtors* are no longer required to file operating reports with the *Trustee*, unless the *Trustee* requests otherwise. The filing of the *Trustee's* 11 U.S.C. § 1302(c) Business Case Report shall terminate the *Trustee's* duties but not the *Trustee's* right to investigate or monitor the *Debtor's(s')* business affairs, assets or liabilities.

### S. NO TRUSTEE'S LIABILITY FOR DEBTOR'S POST-CONFIRMATION OPERATION AND BAR DATE FOR CLAIMS FOR PRE-CONFIRMATION OPERATIONS:

The *Trustee* shall not be liable for any claim arising from the post-confirmation operation of the *Debtor's(s')* business. Any claims against the *Trustee* arising from the pre-confirmation operation of the *Debtor's(s')* business must be filed with the Bankruptcy Court within sixty (60) days after entry by the Bankruptcy Court of the Order of Confirmation or be barred.

### T. DISPOSAL OF DEBTOR'S NON-EXEMPT PROPERTY; RE-VESTING OF PROPERTY; NON-LIABILITY OF TRUSTEE FOR PROPERTY IN POSSESSION OF DEBTOR WHERE DEBTOR HAS EXCLUSIVE RIGHT TO USE, SELL, OR LEASE IT; AND TRUSTEE PAYMENTS UPON POST CONFIRMATION CONVERSION OR DISMISSAL:

*Debtor(s)* shall not dispose of or encumber any non-exempt property or release or settle any lawsuit or claim by *Debtor(s)*, prior to discharge, without consent of the *Trustee* or order of the Court after notice to the *Trustee* and all creditors.

Property of the estate shall not vest in the *Debtor* until such time as a discharge is granted or the *Case* is dismissed or closed without discharge. Vesting shall be subject to all liens and encumbrances in existence when the *Case* was filed and all valid post-petition liens, except those liens avoided by court order or extinguished by operation of law. In the event the *Case* is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law. After confirmation of the *Plan*, the *Trustee* shall have no further authority, fiduciary duty or liability regarding the use, sale, insurance of or refinance of property of the estate except to respond to any motion for the proposed use, sale, or refinance of such property as required by the applicable laws and/or rules. Prior to any discharge or dismissal, the *Debtor(s)* must seek approval of the court to purchase, sell, or refinance real property.

Upon dismissal of the *Case* post confirmation, the *Trustee* shall disburse all funds on hand in accordance with this *Plan*. Upon conversion of the *Case*, any balance on hand will be disbursed by the *Trustee* in accordance with applicable law.

12/11/2019 04:50:24pm

Case No: 19-44833-ELM-13
Debtor(s): **Amanda LaShelle Mason**

### U. ORDER OF PAYMENT:

Unless otherwise ordered by the court, all claims and other disbursements made by the Chapter 13 *Trustee* after the entry of an order confirming the Chapter 13 Plan, whether pursuant to this *Plan* or a modification thereof, will be paid in the order set out below, to the extent a creditor's claim is allowed or the disbursement is otherwise authorized. Each numbered paragraph below is a level of payment. All disbursements which are in a specified monthly amount are referred to as "per mo." At the time of any disbursement, if there are insufficient funds on hand to pay any per mo payment in full, claimant(s) with a higher level of payment shall be paid any unpaid balance owed on a per mo payment plus the current per mo payment owed to that same claimant, in full, before any disbursement to a claimant with a lower level of payment. If multiple claimants are scheduled to receive per mo payments within the same level of payment and there are insufficient funds to make those payments in full, available funds will be disbursed to the claimants within that level on a pro-rata basis. Claimants with a higher level of payment which are designated as receiving pro-rata payments shall be paid, in full, before any disbursements are made to any claimant with a lower level of payment.

1st -- Clerk's Filing Fee and Trustee's Percentage Fee(s) and Noticing Fees in B.(1) and B.(2) and per statutory provisions will be paid in full.

2nd -- Current Post-Petition Mortgage Payments (Conduit) in D.(2) and as adjusted according to the General Order, which must be designated to be paid per mo.

3rd -- Creditors listed in E.(1)(A) and E.(2)(A), which must be designated to be paid per mo, and Domestic Support Obligations ("DSO") in B.(3), which must be designated to be paid per mo.

4th -- Attorney Fees in C, which must be designated to be paid pro-rata.

5th -- Post-Petition Mortgage Arrearage as set out in D.(3), if designated to be paid per mo.

6th -- Post-Petition Mortgage Arrearage as set out in D.(3), if designated to be paid pro-rata.

7th -- Arrearages owed on Executory Contracts and Unexpired Leases in K, which must be designated to be paid per mo.

8th -- Any Creditors listed in D.(1), if designated to be paid per mo.

9th -- Any Creditors listed in D.(1), if designated to be paid pro-rata and/or Creditors listed in E.(1)(B) or E.(2)(B), which must be designated to be paid pro-rata.

10th -- All amounts allowed pursuant to a *Notice of Fees, Expenses and Charges*, which will be paid pro-rata.

11th -- Priority Creditors Other than Domestic Support Obligations ("Priority Creditors") in H, which must be designated to be paid pro-rata.

12th -- Special Class in I, which must be designated to be paid per mo.

13th -- Unsecured Creditors in J, other than late filed or penalty claims, which must be designated to be paid pro-rata.

14th -- Late filed claims by Secured Creditors in D.(1), D.(2), D.(3), E.(1) and E.(2), which must be designated to be paid pro-rata, unless other treatment is authorized by the Court.

15th -- Late filed claims for DSO or filed by Priority Creditors in B.(3) and H, which must be designated to be paid pro-rata.

16th -- Late filed claims by Unsecured Creditors in J, which must be designated to be paid pro-rata.

17th -- Unsecured claims for a non-pecuniary penalty, fine, or forfeiture, or for multiple, exemplary or punitive damages, expressly including an IRS penalty to the date of the petition on unsecured and/or priority claims. These claims must be designated to be paid pro-rata.

### V. POST-PETITION CLAIMS:

Claims filed under § 1305 of the Bankruptcy Code shall be paid as allowed. To the extent necessary, *Debtor(s)* will modify this *Plan*.

Case No: 19-44833-ELM-13
Debtor(s): **Amanda LaShelle Mason**

12/11/2019 04:50:24pm

### W. TRUSTEE'S RECOMMENDATION CONCERNING CLAIMS ("TRCC") PROCEDURE:

See the provisions of the General Order regarding this procedure.

Case No: 19-44833-ELM-13  
Debtor(s): **Amanda LaShelle Mason**

12/11/2019 04:50:24pm

## SECTION III
### NONSTANDARD PROVISIONS

The following nonstandard provisions, if any, constitute terms of this *Plan*. Any nonstandard provision placed elsewhere in the *Plan* is void.
**None.**

I, the undersigned, hereby certify that the *Plan* contains no nonstandard provisions other than those set out in this final paragraph.

**/s/ Vince M. Vela**
Vince M. Vela, Debtor's(s') Attorney

Debtor (if unrepresented by an attorney)

Debtor's(s') Chapter 13 Plan (Containing a Motion for Valuation) is respectfully submitted.

**/s/ Vince M. Vela**
Vince M. Vela, Debtor's(s') Counsel

**24097232**
State Bar Number

12/11/2019 04:50:24pm

Case No: 19-44833-ELM-13
Debtor(s): **Amanda LaShelle Mason**

---

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the foregoing Debtor's(s') Chapter 13 Plan (Containing a Motion for Valuation) was served on the following entities either by Electronic Service or by First Class Mail, Postage Pre-paid on the  **11th day of December, 2019**  :

(List each party served, specifying the name and address of each party)

Dated:  **December 11, 2019**          /s/ Vince M. Vela
                                        Vince M. Vela, Debtor's(s') Counsel

Affiliate Asset Solutions
xxxxxx1181
145 Technology Parkway NW Suite 100
Peachtree Corners, GA 30092

Commonwealth Financial Systems
xxxxxxx08N1
Attn: Bankruptcy
245 Main Street
Dickson City, PA 18519

Delta Dental
xxxxxxxxx2760
P.O. Box 1870
Alpharetta, GA 30023

Amanda LaShelle Mason
12428 Hunters Cabin Ct
Burleson, TX 76028

Credit collection Sevices
xx-xxxx-x3081
725 Canton St.
Norwood, MA 02062

Dr. James Bothwell
1651 W. Rosedale St Ste 100
Fort Worth, TX 76104

Big Picture Loan
xxx0811
E23970 Pow Wow Trail
Watersmeet, MI 49969

Credit One Bank
P.O. Box 98873
Las Vegas, NV 89193

Enhanced Recovery Corp
xxxxx1826
Attn: Bankruptcy
8014 Bayberry Road
Jacksonville, FL 32256

Cleburne Eye Clininc
xx8665
839 N. Nolan Rd
Cleburne, TX 76033

Credit Systems International, Inc
xxxxx1025
Attn: Bankruptcy
PO Box 1088
Arlington, TX 76004

Express Scripts
xx-xxxxx5048
P.O Box 790227
Saint Louis, MO 63179

Clinical Pathology Labs
xxxx8953
P.O. Box 141669
Austin, TX 78714

Credit Systems International, Inc
xxxxx7632
Attn: Bankruptcy
PO Box 1088
Arlington, TX 76004

First Access
xxxx-xxxx-xxxx-0667
P.O. Box 5220
Sioux Falls, SD 57117

Clinical Pathology Labs
xxxx5581
P.O. Box 141669
Austin, TX 78714

Credit Systems International, Inc.
xx3864
PO Box 1088
Arlington, TX 76004

First PREMIER Bank
xxxxxxxxxxxx0578
Attn: Bankruptcy
PO Box 5524
Sioux Falls, SD 57117

12/11/2019 04:50:24pm

Case No: 19-44833-ELM-13
Debtor(s): **Amanda LaShelle Mason**

---

First PREMIER Bank
xxxxxxxxxxxx7454
Attn: Bankruptcy
PO Box 5524
Sioux Falls, SD 57117

Midland Mortgage Co
Attn: Customer Service/Bankruptcy
PO Box 26648
Oklahoma City, OK 73216

Peterson Medical GRoup
x xxxxxxx5081
551 Hill Country
Kerrville, TX 78028

Genesis Bc/Celtic Bank
xxxxxxxxxxxx7201
Attn: Bankruptcy
PO Box 4477
Beaverton, OR 97076

Nationwide Recovery Sy
xxxx9810

Phoenix Financial Group
xxx6086
P.O. Box 361450
Indianapolis, IN 46236

Indigo
7201
P.O Box 4488
Beaverton, OR 97076

Naviet
xxxxxxxxxxxxxxxxxxxxxxxxx1126
Attn: Claims Dept
PO Box 9500
Wilkes-Barr, PA 19773

Phoenix Financial Group
P.O. Box 361450
Indianapolis, IN 46236

Internal Revenue Service
Centalized Insolvency Operations
P.O. Box 7346
Philadelphia, PA 19101

North Texas Tollway Authority
xxxxx5016
P.O. Box 660244
Dallas, TX 75266

Professional Finance Company.
xx7551
5754 W. 11th St. Ste 100
Greeley, CO 80634

Internal Revenue Service
Special Procedures, RM 9A20
1100 Commerce Street 5024 DAL
Dallas, TX 75242

North Texas Tollway Authority
xxx5485
P.O. Box 660244
Dallas, TX 75266

Quest Diagnostics
xxxxxx0566
P.O. Box 470779
Cincinnati, OH 45274

Internal Revenue Service
Central Insolvency
P.O. Box 7346
Philadelphia, PA 19101

Online Collections
xxxxxxxxxxxx3915
Attn: Bankruptcy
PO Box 1489
Winterville, NC 28590

Quest Diagnostics
xxxxxx4404
P.O. Box 470779
Cincinnati, OH 45274

McCreary, Veselka, Bragg & Allen.
L.L.C.
xxxxxxxxx/xxxxx1973
P.O. Box 1310
Round Rock, TX 78680

Pam Bassel
7001 Blvd. 26, Suite 150
N. Richland Hills, TX 76180

Recivable Management Services. LLC
xxxxxxxx6293
Attn: Bankruptcy
240 Emery Street
Bethlehem, PA 18015

Midland Mortgage Co
xxxx3371
Attn: Customer Service/Bankruptcy
PO Box 26648
Oklahoma City, OK 73216

Path Advantage
xx0611
P.O. Box 224138
Dallas, TX 75222

Safe Auto Insurance
xxxxxxxxx9A-00
4 Easton Oval
Columbus, OH 43219

Page 13

12/11/2019 04:50:24pm

Case No: 19-44833-ELM-13
Debtor(s): **Amanda LaShelle Mason**

---

Santander
xxxxxxxxxxxx1000
Attn: Bankruptcy
10-64-38-FD7   601 Penn St
Reading, PA 19601

Total Visa/Bank of Missouri
xxxxxxxxxxxx0332
Attn: Bankruptcy
PO Box 85710
Sioux Falls, SD 57118

Speedy Cash
xxxx-x-xxxxx1087
P.O Box 780408
Wichita, KS 67278

Transworld Systems
xxxx3132
1005 Schrock Rd Ste 300
Columbus, OH 43229

Sundance Anesthesia
x4708
4200 S. Hulen Suite 425
Fort Worth, TX 76109

Tx Tag
xxxxx2153
P.O. Box 640749
Dallas, TX 75265

Texas Brace Systems
xxxxxxxx/xxx4535
P.O. Box 847092
Dallas, TX 75284

US Anethesia
xxxx4411
P.O. Box 840855
Dallas, TX 75248

Texas Health Physicians Group
xxxxxxxxx-3-201
P.O. Box 732262
Dallas, TX 75373

The Brace Center LLC
xx-x1155
160 Central DR Suite 157
Bedford, TX 76022

Third Coast Emerg. Phys.-Sid Peterson, P
xxxxxx2502
P.O Box 674130
Dallas, TX 75267

Total Visa/Bank of Missouri
xxxxxxxxxxxx0667
Attn: Bankruptcy
PO Box 85710
Sioux Falls, SD 57118

Page 14

Label Matrix for local noticing
0539-4
Case 19-44833-elm13
Northern District of Texas
Ft. Worth
Wed Dec 11 16:57:00 CST 2019

501 W. Tenth Street
Fort Worth, TX 76102-3637

Affiliate Asset Solutions
145 Technology Parkway NW Suite 100
Peachtree Corners, GA 30092-3536

Big Picture Loan
E23970 Pow Wow Trail
Watersmeet, MI 49969-5125

Cleburne Eye Clininc
839 N. Nolan Rd
Cleburne, TX 76033

Clinical Pathology Labs
P.O. Box 141669
Austin, TX 78714-1669

Commonwealth Financial Systems
Attn: Bankruptcy
245 Main Street
Dickson City, PA 18519-1641

Credit One Bank
P.O. Box 98873
Las Vegas, NV 89193-8873

Credit Systems International, Inc
Attn: Bankruptcy
PO Box 1088
Arlington, TX 76004-1088

Credit Systems International, Inc.
PO Box 1088
Arlington, TX 76004-1088

Delta Dental
P.O. Box 1870
Alpharetta, GA 30023-1870

Dr. James Bothwell
1651 W. Rosedale St Ste 100
Fort Worth, TX 76104-7437

Enhanced Recovery Corp
Attn: Bankruptcy
8014 Bayberry Road
Jacksonville, FL 32256-7412

Express Scripts
P.O Box 790227
Saint Louis, MO 63179-0227

First Access
P.O. Box 5220
Sioux Falls, SD 57117-5220

First PREMIER Bank
Attn: Bankruptcy
PO Box 5524
Sioux Falls, SD 57117-5524

Genesis Bc-Celtic Bank
Attn: Bankruptcy
PO Box 4477
Beaverton, OR 97076-4401

Indigo
P.O Box 4488
Beaverton, OR 97076-4402

Internal Revenue Service
Central Insolvency
P.O. Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Service
Special Procedures, RM 9A20
1100 Commerce Street 5024 DAL
Dallas, TX 75242-1100

McCreary, Veselka, Bragg & Allen. L.L.C.
P.O. Box 1310
Round Rock, TX 78680-1310

Midland Mortgage Co
Attn: Customer Service-Bankruptcy
PO Box 26648
Oklahoma City, OK 73126-0648

Naviet
Attn: Claims Dept
PO Box 9500
Wilkes-Barr, PA 18773-9500

North Texas Tollway Authority
P.O. Box 660244
Dallas, TX 75266-0244

Online Collections
Attn: Bankruptcy
PO Box 1489
Winterville, NC 28590-1489

PYOD, LLC
Resurgent Capital Services
PO Box 19008
Greenville, SC 29602-9008

Path Advantage
P.O. Box 224138
Dallas, TX 75222-4138

Peterson Medical GRoup
551 Hill Country
Kerrville, TX 78028-6085

Phoenix Financial Group
P.O. Box 361450
Indianapolis, IN 46236-1450

Professional Finance Company.
5754 W. 11th St. Ste 100
Greeley, CO 80634-4811

Quest Diagnostics
P.O. Box 470779
Cincinnati, OH 45274-0001

Recivable Management Services. LLC
Attn: Bankruptcy
240 Emery Street
Bethlehem, PA 18015-1980

Robert A. Higgins & Associates, P.C.
8200 Camp Bowie West Blvd.
Fort Worth, TX 76116-6321

Safe Auto Insurance
4 Easton Oval
Columbus, OH 43219-6010

Santander
Attn: Bankruptcy
10-64-38-FD7   601 Penn St
Reading, PA 19601-3544

Speedy Cash
P.O Box 780408
Wichita, KS 67278-0408

Sundance Anesthesia
4200 S. Hulen Suite 425
Fort Worth, TX 76109-7999

Texas Brace Systems
P.O. Box 847092
Dallas, TX 75284-7092

Texas Health Physicians Group
P.O. Box 732262
Dallas, TX 75373-2262

The Brace Center LLC
160 Central DR Suite 157
Bedford, TX 76022

Third Coast Emerg. Phys.-Sid Peterson, P
P.O Box 674130
Dallas, TX 75267-4130

Total Visa-Bank of Missouri
Attn: Bankruptcy
PO Box 85710
Sioux Falls, SD 57118-5710

Transworld Systems
1005 Schrock Rd Ste 300
Columbus, OH 43229

Tx Tag
P.O. Box 640749
Dallas, TX 75265

US Anethesia
P.O. Box 840855
Dallas, TX 75284-0855

United States Trustee
1100 Commerce Street
Room 976
Dallas, TX 75242-0996

Amanda LaShelle Mason
12428 Hunters Cabin Ct
Burleson, TX 76028-0238

Pam Bassel
7001 Blvd 26
Suite 150
North Richland Hills, TX 76180-8802

Vince Michael Vela
Robert A. Higgins & Associates, P.C.
8200 Camp Bowie West Boulevard
Fort Worth, TX 76116-6321

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Credit Systems International, Inc
Attn: Bankruptcy
PO Box 1088
Arlington, TX 76004-1088

(u)Nationwide Recovery Sy

End of Label Matrix
Mailable recipients    48
Bypassed recipients     2
Total                  50

12/11/2019 04:50:25pm

**Robert A. Higgins & Associates P.C.**
8200 Camp Bowie West
Fort Worth, TX 76116

Bar Number: 24097232
Phone:  (817) 924-9000

**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**
Revised 10/1/2016

| | | | |
|---|---|---|---|
| IN RE: **Amanda LaShelle Mason**<br>12428 Hunters Cabin Ct<br>Burleson, TX 76028 | xxx-xx-5982 | §<br>§<br>§<br>§<br>§ | CASE NO: **19-44833-ELM-13** |

Debtor(s)

## AUTHORIZATION FOR ADEQUATE PROTECTION DISBURSEMENTS    DATED: 11/27/2019

The undersigned Debtor(s) hereby request that payments received by the Trustee prior to confirmation be disbursed as indicated below:

| Periodic Payment Amount | Variable Plan Payments. See Monthly Schedule below.* | |
|---|---|---|
| Disbursements | First (1) | Second (2) (Other) |
| Account Balance Reserve | $5.00 | $5.00 carried forward |
| Trustee Percentage Fee | $99.50 | See below* |
| Filing Fee | $0.00 | See below* |
| Noticing Fee | $55.65 | See below* |
| **Subtotal Expenses/Fees** | **$160.15** | See below* |
| Available for payment of Adequate Protection, Attorney Fees and Current Post-Petition Mortgage Payments: | $839.85 | See below* |

### CREDITORS SECURED BY VEHICLES (CAR CREDITORS):

| Name | Collateral | Scheduled Amount | Value of Collateral | Adequate Protection Percentage | Adequate Protection Payment Amount |
|---|---|---|---|---|---|
| Santander | 2016 Chevrolet Malibu | $19,899.00 | $12,125.00 | 1.25% | $151.56 |
| | Total Adequate Protection Payments for Creditors Secured by Vehicles: | | | | **$151.56** |

### CURRENT POST-PETITION MORTGAGE PAYMENTS (CONDUIT):

| Name | Collateral | Start Date | Scheduled Amount | Value of Collateral | Payment Amount |
|---|---|---|---|---|---|
| Midland Mortgage Co | Homestead | 02/01/2020 | $100,866.00 | $178,826.00 | $970.90 |
| | Payments for Current Post-Petition Mortgage Payments (Conduit): | | | | **$970.90** |

*Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas - (210) 561-5300.*

12/11/2019 04:50:25pm

Case No: 19-44833-ELM-13
Debtor(s): Amanda LaShelle Mason

### CREDITORS SECURED BY COLLATERAL OTHER THAN A VEHICLE:

| Name | Collateral | Scheduled Amount | Value of Collateral | Adequate Protection Percentage | Adequate Protection Payment Amount |
|---|---|---|---|---|---|
| | Total Adequate Protection Payments for Creditors Secured by Collateral other than a vehicle: | | | | $0.00 |

### TOTAL PRE-CONFIRMATION PAYMENTS

**First Month Disbursement (after payment of Clerk's Filing Fee, any Noticing Fee, Chapter 13 Trustee Percentage Fee, and retention of the Account Balance Reserve):**

| | |
|---|---|
| Current Post-Petition Mortgage Payments (Conduit payments), per mo: | $0.00 |
| Adequate Protection to Creditors Secured by Vehicles ("Car Creditor"), per mo: | $151.56 |
| Debtor's Attorney, per mo: | $688.29 |
| Adequate Protection to Creditors Secured by other than a Vehicle, per mo: | $0.00 |

**Disbursements starting month 2 (after payment of Clerk's Filing Fee, any Noticing Fee, Chapter 13 Trustee Percentage Fee, and retention of the Account Balance Reserve):**

| | |
|---|---|
| Current Post-Petition Mortgage Payments (Conduit payments), per mo: | $970.90 |
| Adequate Protection to Creditors Secured by Vehicles ("Car Creditor"), per mo: | $151.56 |
| Debtor's Attorney, per mo: | See Monthly Schedule below* |
| Adequate Protection to Creditors Secured by other than a Vehicle, per mo: | $0.00 |

**\*Monthly Schedule**

| Month | Plan Payment | Account Balance Reserve | Trustee Percentage Fee | Filing Fees | Noticing Fees | Subtotal Expenses/ Fees | Available | Available for APD | Available for Attorney |
|---|---|---|---|---|---|---|---|---|---|
| 1 | $1,000.00 | $5.00 | $99.50 | $0.00 | $55.65 | $160.15 | $839.85 | $151.56 | $688.29 |
| 2 | $1,695.00 | | $169.50 | | | $169.50 | $1,525.50 | $1,122.46 | $403.04 |
| 3 | $1,695.00 | | $169.50 | | | $169.50 | $1,525.50 | $1,122.46 | $403.04 |
| 4 | $1,695.00 | | $169.50 | | | $169.50 | $1,525.50 | $1,122.46 | $403.04 |
| 5 | $1,695.00 | | $169.50 | | | $169.50 | $1,525.50 | $1,122.46 | $403.04 |
| 6 | $1,695.00 | | $169.50 | | | $169.50 | $1,525.50 | $1,122.46 | $403.04 |
| 7 | $1,695.00 | | $169.50 | | | $169.50 | $1,525.50 | $1,122.46 | $403.04 |
| 8 | $1,695.00 | | $169.50 | | | $169.50 | $1,525.50 | $1,122.46 | $342.47 |

**Order of Payment:**

Unless otherwise ordered by the court, all claims and other disbursements made by the Chapter 13 Trustee prior to entry of an order confirming the Chapter 13 Plan will be paid in the order set out above. All disbursements which are in a specified monthly amount are referred to as "per mo". At the time of any disbursement, if there are insufficient funds on hand to pay any per mo payment in full, claimant(s) with a higher level of payment shall be paid any unpaid balance owed on the per mo payment plus the current per mo payment owed to that same claimant, in full, before any disbursement to a claimant with a lower level of payment. Other than the Current Post-Petition Mortgage Payments, the principal balance owing upon confirmation of the Plan on the allowed secured claim shall be reduced by the total of adequate protection payments, less any interest (if applicable), paid to the creditor by the Trustee.

DATED: **12/11/2019**

/s/ **Vince M. Vela**
Attorney for Debtor(s)

*Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas - (210) 561-5300.*